IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELLIOTT PAYNE RILEY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-05-1997 |
| | § | |
| ATTORNEY GENERAL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ON DISMISSAL

Plaintiff, Elliott Payne Riley, filed a complaint in a long, rambling letter. Plaintiff is held in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID). He sues the Attorney General of Texas, the "Director of Prisons" of the State of Texas, and the Alfred D. Hughes Unit Warden.

Plaintiff's handwriting is partially illegible. He appears to claim the following: He has permanent brain damage, mental impairment and disorders, which he experiences because of the medical negligence he sustained in 1977 at two prison treatment centers in Huntsville, Texas, and at the Texas Tech U.T.M.B. Medical Center in Lubbock. The doctors put him "on allergic to Dilantin medications that ate parts of [his] brain" [sic] and caused him to become permanently sick.

Plaintiff recently discovered that he was suffering "a cont. due [illegible word] self-extra-excessive-efforts to seek to discover locate/find newly discovered evidence

to support his case and conviction" [sic].  Because of the damage done to him by the TDCJ Medical Department, Plaintiff has had years of "undergoing diff crenal [illegible word] denial/mistreatment."  Someone is punishing and mistreating him because of what TDCJ has done to his mental health.  Plaintiff requests appointment of counsel and asks that the Clerk call his mother and send him civil rights complaint and habeas corpus petition forms.

Plaintiff says that these things have been happening to him in administrative segregation since 1998.  Correctional officers falsely accused him.  He came to prison as an MHMR patient.  He was experiencing mental brain damages and brain toxicity from being "put on allergic to dilantin" and "the chemicals from the meds ate up part of [his] brain" which caused Plaintiff to suffer "after effects" and "an organic mental disorder."  His mental impairments include memory and "thought productions, intellectual functions, judgments, unable to keep or maintain control or access to [his] memories, thoughts, or concentration, also, experimental confusions with delusions."

When Plaintiff was in the general prison population, the guards kept trying to do something wrong to him to cause his emotional behavior and to cause him to become upset.  Plaintiff lost control of himself and sometimes guards locked him up.  Guards filed false charges against Plaintiff.  He kept proving himself innocent.  Despite Plaintiff's innocence, the disciplinary captain would find him guilty.  Plaintiff wants a

transfer.  Plaintiff also filed an "emergency Informal Resolution Cry Out Request" against the Hughes Unit Senior Warden.

To the extent Plaintiff's claims are discernible, they appear to primarily concern events at the Hughes Unit of the TDCJ-CID, where he is now held.  Plaintiff mentions events that occurred at other prison units.  Plaintiff offers no time frame for any earlier events, except to say they occurred in 1997.

Two of the Defendants are in the Western District of Texas, the Attorney General and the Hughes Unit Warden.  There is no Texas prison official with the title "Director of Prisons." The TDCJ includes the prison system, state jails, and the parole system.  The Director of the TDCJ-CID is functionally the director of the prisons in Texas.  The TDCJ-CID Director resides in Huntsville, in this district.

Plaintiff's pleadings, liberally construed, do not hint at any personal involvement by the TDCJ-CID Director or the Attorney General.  The Hughes Unit Warden and the Plaintiff are in the Western District.  That is also where all or most of the events–that are not barred by limitations–apparently occurred.  When venue is appropriate in another district, the district court should transfer the case there if it is in the interest of justice.  *See* 28 U.S.C. §§ 1406(a), 1631.  Normally in this kind of situation, this Court would transfer this case to the Western District of Texas.  *See id*.  However, this Court will dismiss this case, rather than transfer it to the Western District of Texas because

of the following deficiencies.

Plaintiff has not alleged any personal involvement by any of the Defendants. Plaintiff has not submitted the filing fee nor moved to proceed as a pauper. Some of Plaintiff's claims appear to be delusional. Some of Plaintiff's claims appear to be barred by the statute of limitations. The U.S. Party/Case Index maintained by the federal court system shows that Plaintiff has filed fourteen other federal lawsuits in the district courts in Texas. In five of these cases, Plaintiff wasted the district court's time and resources by failing to pursue these lawsuits, and suffered dismissals for want of prosecution. He has also filed four separate habeas corpus petitions which were dismissed as duplicative of a prior pending habeas corpus action. Based on these circumstances, this Court will not transfer this complaint under 28 U.S.C. § 1406(a).

Accordingly, it is ORDERED that this action be DISMISSED without prejudice to Plaintiff properly raising his claims in the appropriate forum.

SIGNED at Houston, Texas, on this 15 day of June, 2005.

_____

DAVID HITTNER

United States District Judge

4